**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case Number 0:13-cv-62753-Zloch

JASON SIMIONE,

    Plaintiff,

v.

POLYCASE AMMUNITION, LLC,

    Defendant,

_____/

**DEFENDANT, POLYCASE AMMUNITION, LLC'S, RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DIRECT COMPLIANCE WITH COURT ORDER**

Defendant, Polycase Ammunition, LLC ("Polycase"), by and through undersigned counsel files this Response in Opposition to Plaintiff's Motion to Direct Compliance with Court Order Regarding Mediation (the "Motion"). [DE 88] In opposition to the Motion, Polycase states:

**I. Introduction**

The most apt description of Plaintiff, Venom Industries, LLC's ("Venom"), Motion to Direct Compliance With Court Order Regarding Mediation is "frivolous." The motion asks the Court to order Polycase to do something the Court has already ordered, to wit: attend mediation. Counsel for Venom -- *who is not even a party to this litigation* -- filed the Motion without any good faith conferral with Polycase's counsel, *in blatant violation of Local Rule 7.1*. At this point, Polycase has lost count of the times counsel for Venom (and the other purported plaintiffs) have violated Local Rule 7.1 by filing motions without any good faith conferral. *At last count, counsel for the Plaintiffs failed to confer seven times*, including the pending Motion. [DE, 16, 22, 60, 66, 67 and 69]. Even worse, counsel for the Plaintiff repeatedly certified to the Court, as

done with the pending Motion, that they have conferred in good faith, when they have simply not done so.

Not only should the motion be roundly denied, but the Court should level sanctions appropriate for Plaintiff's repeated and blatant violations of the Court's rules and frivolous filings, including dismissal of Plaintiff's claims.

## II. Factual Background

The facts are straight-forward. On September 4, 2014, the Court entered an Order [DE 85] granting Polycase's unopposed motion to extend time to mediate and modify the Court's Order for Pretrial Conference in certain respects. [DE 84] Polycase requested the Court extend the date to mediate until no later than October 26, 2014 and the Court ultimately extended the date to October 10, 2014. In its motion for extension of time, Polycase set out in detail the grounds for its request, including the lack of development in the case due to (i) repeated efforts by the Plaintiff to change the identity of the named plaintiff; and (ii) the failure by would-be plaintiff, Venom, to comply with the Court's July 9, 2014 order provisionally granting plaintiff's Motion to File the Corrected Second Amended Complaint by "noon on Friday, July 18, 2014. [DE 65] [emphasis in original].

Following the Court's order extending time, Polycase made, on September 10, 2014, a good faith effort to schedule the mediation. See Declaration of Clifford Wolff filed with the pending Second Motion for Extension of Time. [DE 90, Ex. A, Wolff Decl. at ¶2] None of the three attorneys representing the would-be plaintiffs responded until more than a week passed. At which time, counsel for the Plaintiff proposed a smattering of dates for mediation. Id., at ¶3.

Counsel for Plaintiff then stated that <u>*non-party Venom*</u> would have an unnamed representative attend.[1]

By that time, Polycase's counsel and its client representative were not available to attend mediation on the proposed dates.  <u>Id.</u>, ¶4.  Moreover, Plaintiff counsels' repeated false starts and inability to determine who their client will be remain an obstacle to identifying the proper Plaintiff and operative complaint.  Counsel for Polycase therefore expressly asked Plaintiff's counsel if Plaintiff would object to a motion to extend the time to mediate.  <u>Id</u>. at ¶5.  Plaintiff refused any extension.  Then, without any notice to Polycase -- and apparently in response to Polycase's counsel's good faith inquiry to discuss the need to extend various deadlines -- Plaintiff abruptly filed, on behalf of non-party Venom, the frivolous, self-styled and now-pending "Plaintiff's Motion to Direct Compliance with Court Order Regarding Mediation." <u>Id</u>.  Such conduct by counsel for the Plaintiff should not be tolerated by this Court.

**III. Argument**

Venom's motion expressly asks the Court to "direct defendants to attend mediation <u>as presently ordered</u>." [DE 88, emphasis added]  Without any support whatsoever, Venom claims that a lack of compliance with the Court's order "would be at the plaintiff's risk."  <u>Id.</u>  Venom rushed to file this unnecessary motion with the Court, knowing full well that Polycase intended to file a motion to extend the current deadline, which Polycase has done [DE 90].  Given the inherently wasteful and flawed nature of the motion, and Plaintiff's blatant violation of Local Rule 7.1, Polycase respectfully requests the Court deny the motion.

In addition, Polycase requests the Court impose an appropriate sanction on Plaintiff for his/its unabashed and repeated violations of the Court's rule, as well as his/its other wrongful

---

[1] As indicated previously, Venom is not a party to this lawsuit, yet counsel for the Plaintiff improperly assumes the position of this Court and continues to act as if Venom has already been granted standing to prosecute the case.

3

conduct causing waste of the Court's and Polycase's resources. Polycase respectfully submits that a sanction of payment of costs is not a sufficient deterrent for plaintiff's conduct. Instead, based on the entire court file documenting Plaintiff's failure to follow the Court's rules and orders and Plaintiff's affirmative filing of frivolous motions and other memorandum, Polycase respectfully requests the Court dismiss this case. See, Orders of Dismissal, Case No. 13-61380-CIV-ZLOCH, **Composite Exhibit A.**

Additionally, counsel for the Plaintiff could have simply opposed by response what they already knew was a forthcoming motion for extension of time. [DE 90]  There was no need to create multiple and wasteful motion practice. Counsel for the Plaintiff was advised previously of the forthcoming motion [DE 90], and could have simply awaited the opportunity to respond appropriately, rather than create duplicative motion practice to burden this Court. In an obvious effort to thwart and distract from a forthcoming motion, counsel for the Plaintiff once again violated Local Rule 7.1 and rushed to file a "trigger finger" motion without making any attempt to confer with counsel for Polycase.

Interesting and telling, counsel for the Plaintiff failed to address in either its motion practice the looming deadline to file motions for summary judgment. As set forth in the Second Motion for Extension of Time [DE 90], there is also a need to postpone the filing of motions for summary judgment because there is no properly named Plaintiff, no operative complaint and there are outstanding discovery issues. Counsel for the Plaintiff would rather rush improperly into a wasteful mediation, file a haphazard motion and completely ignore the other pending deadlines which counsel for Polycase tried to address is good faith. The failure to address these other pending issues, and blatant willingness to violate Local Rules, shows to what extent counsel for the Plaintiff will go to ignore the status of the pleadings and otherwise try to

improperly push a matter toward an undetermined goal. There is absolutely no excuse counsel for the Plaintiff can raise which would justify such oxymoronic and improvident conduct.

This is a textbook example of why this Court requires the parties to confer before filing motions. The only conference that took place between the parties on this issue was initiated by PolyCase in a good faith effort to secure Plaintiff's consent to extend the mediation and summary judgment deadlines. At no point prior to filing this motion did the Plaintiff ever suggest that the Plaintiff intended to file a motion to require PolyCase to comply with an existing order. Had the Plaintiff made such an effort, PolyCase would have explained to Plaintiff's attorneys that asking the Court to order a party to do something the Court has already ordered is purposeless and pointless, and results in an enormous waste of the Court's and the parties' resources. The Plaintiff's failure to confer on the issue of filing this Motion for Miscellaneous Relief [DE 88] is thus the direct cause of additional, frivolous work for Defendant PolyCase and this Court.

The entire premise of the pending Motion is wrong. Plaintiff purports to file the motion because of an unfounded worry that they will somehow be penalized if PolyCase asks the Court for an extension of the time to mediate. Exactly why the Plaintiff believes his "claim [will] be placed in jeopardy" is unclear and unexplained. There is no current time bar, and there is nothing which places an economic claim in jeopardy. After all, it was the Plaintiff's own identity crisis and failure to timely file its "Corrected Second Amended Complaint" which delayed this proceeding. It appears that the Plaintiff believes that PolyCase's request for consent to ask the Court for an extension of time is synonymous with an intention to ignore this Court's prior order. This logic is patently false and does not flow from any of the communication between PolyCase and the Plaintiff. Even the grossly fanciful and erroneous concern that

PolyCase might violate a Court order does not justify a new motion to the court asking the court to order PolyCase to comply with an existing order.

Finally -- and most importantly -- PolyCase's desire to reschedule mediation is based on a good faith desire to hold a meaningful mediation. As set forth in PolyCase's Second Motion for Extension of Time [DE 90], there is simply no chance of a meaningful mediation at this time. The issue has not been joined, the identity of the Plaintiff is in flux, the Plaintiff does not have the benefit of a would-be motion to dismiss and/or motion for summary judgment, and there are discovery issues outstanding discovery issues outstanding that should be resolved prior to attempting a mediation. As such, it is respectfully requested that the Motion for Miscellaneous Relief [DE 88] be denied, and as an ancillary matter, that the Second Motion for Extension of Time [DE 90] by granted. PolyCase requests that the Court issue an appropriate sanction against Plaintiff for its blatant violations of this Court's Local Rules, which have imposed an unreasonably and unnecessary burden on PolyCase and the Court. PolyCase respectfully suggests that the pattern of misconduct by the varying, purported Plaintiffs in this case justifies dismissal as a sanction.

**IV. Conclusion**

For the foregoing reasons, Polycase respectfully asks the Court deny Plaintiff's motion and impose sanctions on Plaintiff as the Court deems fit.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **7th day of October 2014**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**THE WOLFF LAW FIRM**
1401 East Broward Boulevard
Victoria Park Centre, Suite 204
Fort Lauderdale, Florida 33301
Telephone:	(954) 565-5040
Facsimile:	(954) 827-8300
Email:  CWolff@WolffLawFirm.com

By: /s/Clifford A Wolff
**CLIFFORD A. WOLFF, ESQ.**
Florida Bar Number: 0076252

And By:
**Andrew L. Gorman, Esq.**
PolyCase Ammunition LLC
41 Artley Road, Unit C
Savannah, Georgia 31408
Telephone: (912) 414-8916
*Co-Counsel for Polycase, Pro Hac Vice*

## SERVICE LIST

**SERVED VIA CM/ECF:**

- Joseph W. Gibson, Esq.
  19 West Flagler Street, Suite 417
  Miami, Florida 33130
  Telephone: (305) 377-2525
  Email: joseph_gibson@bellsouth.net

- Kevin J. Kulik, Esq.
  500 SW 3rd Avenue
  Fort Lauderdale, Florida 33315
  Telephone: (954) 761-9411
  Email: KevinJKulik@hotmail.com

## SERVED BY U.S. MAIL

- Robert A. Rosenberg, Esq.
    500 SW 3rd Avenue
    Fort Lauderdale, Florida 33315
    Telephone: (954) 761-9411
    (No Email Address Provided on Pleadings)

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61380-CIV-ZLOCH

GARY BARON,

    Plaintiff,

vs.  **FINAL ORDER OF DISMISSAL**

VARUNAN SIVALINGAM

    Defendant.
_____/

VARUNAN SIVALINGAM

    Third-Party Plaintiff

vs.

MICHELLE SEARLE

    Third-Party Defendant.
_____/

THIS MATTER is before the Court sua sponte. The Court entered its Order For Pre-Trial Conference (DE 14) on September 25, 2013, setting noon on September 19, 2014, as the date by which the Pre-Trial Stipulation or Unilateral Pre-Trial Catalogue must be filed.

No request or Motion For Continuance of the Pre-Trial Conference has been filed, no request or Motion For Extension Of Time Within Which To File Pre-Trial Stipulation has been filed, and no Unilateral Pre-Trial Catalog has been filed by Plaintiff or Third-Party Plaintiff as of noon on September 19, 2014, as required by this Court's prior Order (DE 14) and by Rule 16.1 of the Local Rules for the Southern District of Florida.

This Court has further reviewed the entire court file and is otherwise fully advised in the premises.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Complaint (DE 31) and Third-Party Complaint (DE 35) filed in this matter be and the same are hereby **DISMISSED**, without prejudice, for failure of Plaintiff and Third-Party Plaintiff to comply with the prior Order of this Court (DE 14) and for failure of Plaintiff and Third-Party Plaintiff to comply with Local Rule 16.1 of the Southern District of Florida;

2. The Pre-Trial Conference previously scheduled in the above-styled cause is hereby cancelled; and

3. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___19th___ day of September, 2014.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel and Parties of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61380-CIV-ZLOCH

GARY BARON,

    Plaintiff,

vs.                                    **O R D E R**

VARUNAN SIVALINGAM,

    Defendant.
_____/

VARUNAN SIVALINGAM,

    Third-Party Plaintiff,

vs.

MICHELLE SEARLE,

    Third-Party Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiff Gary Baron's Unilateral Pre-Trial Statement (DE 59) and Motion For Reconsideration (DE 60). The Court has carefully reviewed said Statement and Motion, the entire court file and is otherwise fully advised in the premises.

    By prior Order (DE 58), the Court dismissed the above-styled cause for failure of Plaintiff and Third-Party Plaintiff to comply with the prior Order of this Court and for failure of Plaintiffs to comply with Local Rule 16.1 of the Southern District of Florida. By the instant Motion (DE 60), Plaintiff Gary Baron moves to vacate the Court's Final Order Of Dismissal and for leave of court to file his untimely Unilateral Pre-Trial Catalog (DE 59). For the reasons set forth below, this relief will be denied, and Plaintiff Gary

Baron's Unilateral Pre-Trial Statement (DE 59) will be stricken from the record.

In its Order Setting Pre-Trial Conference (DE 14) for October 3, 2014, the Court ordered the Parties to file a Pre-trial Stipulation or file Unilateral Pre-trial Catalogues by <u>noon</u> on <u>September 19, 2014</u>. <u>See</u> DE 14, p. 2 ("A PRE-TRIAL STIPULATION or UNILATERAL PRE-TRIAL CATALOGUES must be filed by **noon, September 19, 2014.**")(emphasis in original). The Court warned that "**UPON THE FAILURE OF PLAINTIFF TO FILE A UNILATERAL PRE-TRIAL CATALOGUE, THE COURT SHALL DISMISS THE CASE WITHOUT PREJUDICE.**" DE 14, p. 2 (emphasis in original).

No request or Motion For Continuance of the Pre-Trial Conference was filed, no request or Motion For Extension Of Time Within Which To File Pre-Trial Stipulation was filed, and no Unilateral Pre-Trial Catalogue was filed by Plaintiff as required by this Court's Order For Pre-Trial Conference (DE 14). Therefore, as provided in the Court's prior Order, this case was dismissed without prejudice.

It is clear by the tone of the instant Motion (DE 60) that this dismissal strikes Plaintiff as a severe sanction, but it has long been this Court's practice to dismiss cases where a plaintiff has shown a disregard for the deadlines set by the Court and the Local Rules. In fact, the Court has dismissed, without prejudice, hundreds of cases over the past two decades for parties' failure to file pre-trial stipulations. <u>See, e.g.</u>, <u>Tschudi v. Village of Royal Palm Beach</u>, 98-08295-CIV-ZLOCH; <u>Giannomoros v. Palm Beach Credit Adjusters, Inc.</u> 04-60405-CIV-ZLOCH; <u>Love v. Parsons</u>, 05-

2

80442-CIV-ZLOCH; Chevron Prod. Co. v. Goren, 99-07326-CIV-ZLOCH; Weimer, et al. v. Berkley Group, Inc., 06-60272-CIV-ZLOCH; Atlas Pen & Pencil Co. v. Allatlas.com, 05-61778-CIV-ZLOCH. But if the parties show good cause for their failure to abide by the terms and conditions of the Court's pre-trial order, or if prejudice attached to the final order of dismissal, it is the Court's practice to vacate the dismissal so as not to compromise a plaintiff's right to prosecute his claims. See, e.g., Berloff v. Bradshaw, 08-80649-CIV-ZLOCH; Sand Dollar Dist., Inc. v. Brandy's Products, Inc., 06-60282-CIV-ZLOCH; UNUM Life Ins. Co. of Am. v. Green, 04-81201-CIV-ZLOCH; Postman v. Bernstein, 03-60809-CIV-ZLOCH; Marcus v. P.G. Homeowners, Inc., 02-60431-CIV-ZLOCH. In cases where good cause is not shown and the dismissal would not be with prejudice, the Court simply forces the plaintiff to re-file the complaint. The case is then transferred to this Court and proceeds on the merits. See, e.g., Debis Financial Services, Inc. v. Whittaker, et al., 05-80212-CIV-ZLOCH, Rodriguez v. HC Phone Serv., LLC, 05-23239-CIV-ZLOCH; Advocate For The Disabled, Inc. v. Ziter, 99-08789-CIV-ZLOCH.

In the instant Motion, Plaintiff asserts that good cause exists to vacate the Court's Final Order Of Dismissal (DE 58) because "Plaintiff is completely without blame for the missed deadline." DE 60, ¶ 10. Plaintiff argues, essentially, that Plaintiff's Counsel made a calendaring mistake and was apparently uncertain as to the time of the filing deadline. See DE 60. On one hand, Plaintiff's Counsel indicates that he was aware of the due date, but not the noon deadline, specifically. DE 60, ¶ 6. On

the other hand, Plaintiff's Counsel also apparently believed that "he had another week in which to coordinate with defense counsel to prepare the Pre-Trial Stipulation," based upon his reading of Local Rule 16.1(e). DE 60, ¶ 7. Thus, Plaintiff has presented a panoply of excuses for missing this Court's deadline, all related to Plaintiff's Counsel's miscalculations. But the Court did not require Plaintiff to count days or to calendar time as to the deadline by which the Parties were to file a Pre-trial Stipulation or file Unilateral Pre-trial Catalogues. It did this calculation for him. The Court, with its generous use of capitalization and bold font, could not have been more clear in its Order as to the deadline: "A PRE-TRIAL STIPULATION or UNILATERAL PRE-TRIAL CATALOGUES must be filed by **noon, September 19, 2014.**")(emphasis in original). See DE 14, p. 2. Thus, the Court cannot find that good cause for vacatur has been shown. And Plaintiff has not otherwise established that the Court's dismissal would work prejudice against him.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Gary Baron's Motion For Reconsideration (DE 60) be and the same is hereby **DENIED;**

2. Plaintiff Gary Baron's Unilateral Pre-Trial Statement (DE 59) be and the same is hereby **STRICKEN;** and

3. The Clerk of this Court be and the same is hereby **DIRECTED** to strike Plaintiff Gary Baron's Unilateral Pre-Trial Statement (DE 59) from the record.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward

4

County, Florida, this __22nd__ day of September, 2014.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record